M. J. y S. Cabrero, Sucrs., S. en C., demandante y apelante, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8243.—*Sometido:* Abril 18, 1941. *Resuelto:* Abril 22, 1941.

*García Méndez & García Méndez,* abogados de la apelante; *Hon. Procurador General George A. Malcolm* y *R. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demandante es una sociedad en comandita constituída por escritura de 31 de julio de 1920. Por otra escritura de 20 de noviembre de 1923, se fijaron a los tres socios gestores sueldos de $4,500, $3,000 y $3,000 anuales, respectivamente, expresándose en dicha escritura que esto se hacía a fin de que la compensación del trabajo de los gestores no dependiese de las contingencias del negocio. Posteriormente el sueldo de $4,500 fué reducido a $3,000, percibiendo todos los socios la misma compensación.

Al rendir la sociedad sus planillas de contribución sobre ingresos para los años contributivos 1931–32 y 1932–33, dedujo del ingreso tributable la cantidad de $9,000, por concepto de sueldos de los socios. Entendiendo el Tesorero de

Puerto Rico que la contribuyente no tenía derecho a tal deducción, la rechazó, y siendo su decisión confirmada por la Junta de Revisión e Igualamiento, la demandante pagó bajo protesta la contribución correspondiente a la deficiencia, y dentro del término legal instó este pleito para recobrar la cantidad así pagada, alegando que le había sido ilegalmente cobrada.

Mediante una estipulación en la que el demandado aceptó las alegaciones de la demanda, se dictó sentencia declarándola sin lugar y en armonía con dicha estipulación no se impusieron las costas a la demandante.

Sostiene la demandante apelante que la interpretación que el demandado y la corte inferior dieron al apartado *a,* inciso 1, de la sección 32 de la Ley núm. 74 de 6 de agosto de 1925 (Leyes de ese año, pág. 401), según fué enmendada por la núm. 18 de 3 de junio de 1927 (Leyes de ese año, pág. 487), es errónea, pues el socio a quien se asigna un sueldo en compensación de su trabajo, al recibirlo lo hace, según la apelante, en el concepto de "socio en funciones de empleado", y no en su carácter de socio, y que en el supuesto de que fuese correcta la interpretación del demandado, la ley así interpretada es inconstitucional porque establece un discrimen en contra de las sociedades (*partnerships*) y a favor de las corporaciones.

Planteada así la controversia, parece oportuno transcribir ahora el precepto legal alrededor del cual gira toda la cuestión:

"Sección 32.—(*a*) (1) Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, *incluyendo una cantidad razonable para sueldos y compensación a empleados* por servicios personales realmente prestados, e incluyendo cánones de arrendamiento u otros pagos que haya que hacer como condición para continuar usando o poseyendo propiedad sobre la cual la corporación o sociedad no ha adquirido o no está adquiriendo título, o en la cual no tiene participación." (Bastardillas nuestras.)

534

La ley transcrita, al permitir a las corporaciones o sociedades deducir del ingreso tributable *"una cantidad razonable para sueldos y compensación a empleados por servicios personales realmente prestados,"* no se refiere a sueldos o compensación pagados a los socios por sus servicios a la sociedad. Esto es así porque el socio, por la naturaleza misma del contrato social, no puede ser, en momento alguno, empleado de la sociedad a que pertenece. Es verdad que la sociedad en el Derecho Civil es una persona jurídica distinta de sus socios, pero no es menos cierto que en la sociedad, contrario a lo que sucede respecto al accionista en la corporación, el socio es deudor a la sociedad de su actividad y de su industria, y por consiguiente al trabajar para la sociedad lo hace en cumplimiento de su deber como socio. En la corporación, el accionista invierte su capital en el negocio y como evidencia de su inversión recibe acciones, pero no está obligado a trabajar para la corporación, la cual desarrolla sus negocios mediante empleados u oficiales que reciben una compensación por un trabajo que realizan independientemente de su calidad de accionistas, si es que lo son.

Comentando Manresa el artículo 1686 del Código Civil español, igual al 1577 del nuestro (ed. 1930), dispositivo de que "todo socio debe responder a la sociedad de los daños y perjuicios que ésta haya sufrido por culpa del mismo, y *no puede compensarlos con los beneficios que por su industria le haya proporcionado"*, dice:

"La responsabilidad establecida en el primero (se está refiriendo el autor a los dos preceptos contenidos en el artículo que comenta), por razón de la culpa en que hubiere incurrido algún socio, es ley general para todos los contratos, y la prohibición impuesta en el segundo de compensar los daños y perjuicios ocasionados con los beneficios que por su industria hubiera podido proporcionar a la sociedad, es lógica y esencialmente jurídica, *porque dichos beneficios pertenecen de derecho a la sociedad, no por vía de indemnización, sino por ministerio de la ley y por precepto expreso de la misma, derivado de la propia naturaleza del contrato de sociedad;* y, por lo tanto, no borran, ni pueden borrar, el efecto anterior de los daños y perjuicios." "Comentarios al Código Civil", tomo 11, pág. 346.

Y en la página siguiente, continúa el comentarista:

"En su virtud, *siendo deudor el socio a la sociedad de su actividad y de su industria,* y debiendo, a la vez, a la misma el resarcimiento del daño que hubiera ocasionado por su culpa, no podrían en modo alguno compensarse ambas cosas, puesto que *sólo son débitos de lo que se trata, y para que exista compensación es preciso que una misma persona resulte acreedora y deudora a la vez, con relación a la persona o entidad jurídica a quien haya de afectar dicha compensación."*

Es verdad que en algunas sociedades existen socios que no están obligados a trabajar para ella, y a veces son miembros de distintas sociedades y hasta se dedican por su cuenta a negocios particulares, ajenos por completo a la sociedad, pero esto sucede cuando expresamente se conviene así en el contrato social.

El mismo principio legal existe en la Ley Común. A este efecto dice 20 R.C.L. 876:

"DEBER DE LOS SOCIOS DE SERVIR A LA FIRMA.—Algunas veces, por los términos del contrato social, cada uno de los socios expresa y directamente se obliga a dedicarse a trabajar para la sociedad en beneficio de sus mutuos intereses, ganancias o ventajas. Sin embargo, en defecto de un convenio expreso en contrario, *un socio está implícitamente obligado a dedicarse razonablemente a trabajar en beneficio de la sociedad de que es miembro y a dedicar su tiempo y su atención al manejo de sus asuntos hasta donde llegue su habilidad,* sin tener en cuenta los servicios de los demás socios, *y es también su deber usar sus conocimientos, habilidad y actividad para fomentar el beneficio común de la firma."*

En la siguiente página, dice:

"DERECHO A COMPENSACIÓN.—La regla general es que un socio no tiene derecho a más compensación por sus servicios en la dirección de los negocios de la sociedad, fuera de la participación en las ganancias, a menos que exista convenio a ese efecto. . . . Esta regla está basada en el hecho de que cada socio, al cuidar de la propiedad social, prácticamente está cuidando de sus propios intereses y cumpliendo sus obligaciones y deberes que surgen del contrato de sociedad."

En la conocida obra de Paul & Mertens, titulada *"Law of Federal Income Taxation"*, 1939 *Cumulative Supplement*, página 26, refiriéndose a los sueldos de los socios como materia no deducible, dice:

"SALARIOS.—El hecho es que los salarios de socios no son otra cosa que una distribución de beneficios anticipados. Un convenio entre socios para pagar salarios de los beneficios no es más que la determinación de una base para dividir las ganancias. Un socio no es un empleado de la firma en el sentido que lo sería si estuviese al servicio de otra persona; no puede pagársele un salario por la firma en el sentido de compensación por servicios rendidos a un principal."

En el caso de *Moscoso Hnos. & Co., S. en C.,* v. *Domenech, Tesorero,* 44 D.P.R. 11, aplicando el mismo precepto legal que ahora nos ocupa, resolvió este tribunal que los socios gestores de una sociedad en comandita no son empleados de la misma y que dicha sociedad no tiene derecho a deducción por salarios pagados a dichos socios por servicios prestados por ellos como tales a la sociedad.

La apelante trata de distinguir este caso del de *Moscoso* simplemente porque la compensación en este último fué acordada en una junta de socios celebrada con posterioridad a la constitución de la sociedad, mientras que en el que nos ocupa, la compensación se convino en una escritura pública en la que concurrieron todos los socios, tanto gestores como comanditarios. En realidad, no vemos qué materialidad pueda tener esa diferencia.

■■ La cláusula constitucional relativa a la "igual protección de las leyes", no impide al Estado hacer una razonable clasificación de la propiedad, personas o corporaciones, para los efectos de imponer contribuciones, y cuando la clasificación no es arbitraria y descansa sobre una base razonable, no existe discrimen por el hecho de que se imponga contribución a una clase y se exonere a otra, se impongan distintos tipos contributivos o se concedan exenciones a unos y no a otros.

La Corte Suprema de los Estados Unidos, en el caso de *Lindsley* v. *Natural Carbonic Gas Co.* (1911), 220 U.S. 61, 78, establece en la siguiente forma las normas para determinar si una ley infringe la cláusula constitucional que garantiza la igual protección de las leyes:

"Las reglas por las cuales puede determinarse la cuestión, como lo demuestran repetidas decisiones de esta corte, son: 1. La cláusula sobre igual protección contenida en la Enmienda XIV, no priva a los Estados de la facultad de establecer clasificaciones en la adopción de leyes sobre política pública (*police laws*) y por el contrario permite el ejercicio de una amplia discreción en ese sentido, anulando solamente lo que se haga sin una base razonable, y consiguientemente de manera arbitraria. 2. Una clasificación que descanse sobre una base razonable no infringe esa cláusula simplemente porque la clasificación no se haga con precisión matemática o porque en la práctica no resulte una exacta igualdad. 3. Cuando se impugne la clasificación en alguna ley, si puede razonablemente concebirse algún estado de hechos que la sostenga, la existencia de ese estado de hechos al tiempo de aprobarse la ley debe asumirse. 4. El que impugne la clasificación debe probar que no descansa sobre una base razonable, sino que es esencialmente arbitraria."

En el caso que nos ocupa, ya hemos apuntado la diferencia esencial entre la relación del socio con la sociedad y la del accionista con la corporación. El primero, por razón de la naturaleza del contrato de sociedad, debe a ésta, como dice Manresa, su actividad y su industria, siendo los socios los que administran los negocios de la sociedad. En la corporación, el accionista no tiene tal deber, siendo la corporación administrada frecuentemente por personas extrañas o por accionistas cuyo interés pecuniario en el negocio es a veces tan pequeño que los dividendos correspondientes a sus acciones no podrían nunca compensar los trabajos que por la corporación realizan. Por consiguiente, existe una base razonable para establecer diferencia, y no siendo ésta caprichosa o arbitraria, no puede sostenerse que la ley así interpretada infrinja la cláusula sobre la igual protección de las leyes.

El caso de *Royster Guano Co.* v. *Virginia,* 253 U.S. 412, invocado por la apelante, no tiene aplicación al de autos. Se interpretó allí una ley del Estado de Virginia, a virtud de la cual se eximía de contribución sobre ingresos a toda corporación doméstica que no hiciera negocios en dicho Estado. La demandante era una corporación doméstica que hacía negocios dentro y fuera del Estado, y al rendir sus planillas de contribución sobre ingresos, dedujo del ingreso tributable el obtenido en negocios realizados fuera del Estado. La deducción no fué aceptada. Recurrió primero a la Corte de Corporaciones de la ciudad de Norfolk, sin éxito alguno, y después, con igual resultado, a la Corte Suprema de Apelaciones del Estado de Virginia, viniendo entonces a la Corte Suprema de Estados Unidos, que revocó la sentencia fundándose en que no existía una base razonable para establecer diferencias entre los beneficios adquiridos por una corporación que hace todos sus negocios fuera del Estado y los derivados solamente de negocios realizados fuera de Virginia por corporaciones domésticas que trabajan dentro y fuera del Estado. Se sostuvo por la mayoría del tribunal que la interpretación dada a la ley creaba un discrimen a favor de corporaciones que hacían todos sus negocios fuera del Estado y en contra de aquéllas que trabajaban dentro y fuera de Virginia.

En una opinión disidente del Juez Brandeis, en la cual concurrió el Juez Holmes, se sostuvo que la clasificación no era arbitraria y que existía una base razonable para establecer diferencias entre una y otra corporación. Se refirió la opinión de la minoría a la fuerte propaganda que hacen algunos Estados para que ciudadanos de los otros incorporen sus corporaciones en ellos aunque no hagan negocio alguno dentro del Estado de incorporación, obteniendo de ese modo el pago de derechos de incorporación y los otros que anualmente pagan al Estado las corporaciones domésticas. Se dijo por la minoría que la legislatura, persiguiendo ese propósito, pudo establecer esa diferencia a favor de las corpo-

raciones que no hicieran negocios de clase alguna dentro del Estado, y siendo ello así, existía una base razonable para la clasificación, y por consiguiente la interpretación dada por los tribunales del Estado, no siendo caprichosa o arbitraria, no infringía la cláusula constitucional sobre igual portección de las leyes. Es de notarse que la opinión de la corte, al igual que la disidente, están predicadas en los principios enunciados en el caso de *Lindsley* v. *Natural Carbonic Gas Co.*, supra.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Todd, Jr., no intervino.