F. Bacó Soria & Hermano, peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, etc., demandado.

Núm. 4.—*Sometido:* Junio 12, 1944. *Resuelto:* Julio 28, 1944.

*J. J. Ortiz Alibrán* y *Oscar Souffront,* abogados de la peticionaria; *Hon. Procurador General Interino Jesús A. González,* y *M. Velázquez Flores* y *A. D. Marchand Paz, Procuradores Generales Auxiliares,* abogados del Tesorero de Puerto Rico, interventor; *Rafael O. Fernández* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La sociedad mercantil F. Bacó Soria & Hermano apeló para ante el Tribunal de Contribuciones de Puerto Rico de una notificación de deficiencias de fecha 6 de agosto de 1943 correspondientes a los años 1936, 1937, 1938 y 1939, alegando que radicó sus declaraciones de ingresos correspondientes a los años contributivos terminados el 12 de julio de 1936, 1937, 1938 y 1939, dentro del término fijado por la ley; que el Tesorero determinó ciertas deficiencias originadas por razón de eliminaciones hechas por él en las deducciones declaradas por la peticionaria, entre las cuales se hallan los sueldos pagados a los socios Carlos y Francisco Bacó Soria, según se expresa a continuación: al socio Carlos Bacó Soria se le había fijado para el año 1936 $1,564, para el 1937 $1,560, para el 1938 $1,470, y para el 1939 $1,520; y al socio Francisco Bacó Soria se le fijó $2,742.50 para el 1936, $2,587.50 para el 1937, $2,545 para el 1938 y $2,587.50 para el 1939; y que del año 1939 el Tesorero eliminó de los créditos de la peticionaria el beneficio recibido de la sociedad R. Quezada & Cía. montante a $233.34.

Por su decisión de 2 de marzo de 1944 el Tribunal de Contribuciones de Puerto Rico declaró sin lugar la querella y contra esa decisión interpuso la contribuyente el presente recurso.

Las cuestiones a resolver dentro del presente recurso son: 1, ¿Tiene derecho una sociedad, a virtud de la sección 32 de la Ley de Contribuciones sobre Ingresos de 1924, Leyes de 1925, pág. 401, según fué enmendada por la Ley núm. 30 de 26 de abril de 1932, Sesión Ordinaria, pág. 255, a deducir de

su ingreso bruto las cantidades razonables pagadas a sus socios por servicios personales realmente prestados a la sociedad?; y 2, ¿Puede la sociedad deducir de su ingreso bruto las cantidades recibidas por ella en concepto de beneficios de sociedades?

■■ La sección 32 de la Ley de Contribuciones sobre Ingresos de 1924, en lo pertinente, decía así:

"(a) Al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se admitirán como deducciones:

"(1) Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, *incluyendo una cantidad razonable para sueldos u otra compensación por servicios personales realmente prestados,* e incluyendo cánones de arrendamiento u otros pagos que haya que hacer como condición para continuar usando o poseyendo propiedad sobre la cual la corporación o sociedad no ha adquirido o no está adquiriendo título, o en la cual no tiene participación." (Bastardillas nuestras.)

La práctica administrativa bajo ese precepto legal era al efecto de deducir del ingreso bruto de la sociedad las cantidades razonables que por concepto de salarios hubiere pagado a los socios por servicios personales realmente prestados. Esa práctica prevaleció hasta que la Ley núm. 18 de 3 de junio de 1927, pág. 487, enmendó el inciso (1) de la sección 32(a) en la siguiente forma:

"Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, incluyendo una cantidad razonable para sueldos y compensación *a empleados* por servicios personales realmente prestados, e incluyendo cánones de arrendamiento u otros pagos que haya que hacer como condición para continuar usando o poseyendo propiedad sobre la cual la corporación o sociedad no ha adquirido o no está adquiriendo título, o en la cual no tiene participación." (Bastardillas nuestras.)

La enmienda trajo consigo un cambio en la interpretación de la ley. Desde entonces se entendió que las palabras

"compensación a empleados" no comprendía los sueldos de los socios ni tampoco los de los directores u oficiales de las corporaciones por no ser éstos empleados, diciéndose a ese efecto por este tribunal:

"A virtud de la ley de 1925 la dedución por concepto de sueldos se limitaba a 'una cantidad razonable para sueldos u otra compensación por servicios personales realmente prestados.' Esto, desde luego, incluía los sueldos que se pagaban a los empleados. El objeto de la enmienda fué distinguir entre los empleados y los funcionarios cuando se trataba de una corporación, y entre los empleados y los socios gestores de una sociedad en comandita. Se hizo con el fin de fijar una limitación adicional sobre la cantidad de la rebaja. La deducción por salario se circunscribía a los satisfechos a los empleados. La inferencia ineludible es que se excluyeron los sueldos pagados a los socios gestores de una sociedad en comandita o a los funcionarios de una corporación como tales socios gestores o funcionarios." *Moscoso Hnos. & Co., S. en C.* v. *Domenech, Tes.*, 44 D.P.R., 11, 12.

Cinco años después el mismo inciso fué nuevamente enmendado por la Ley núm. 30 de 1932 de forma que las palabras "a empleados" fueron eliminadas, restableciéndose dicho precepto legal a la forma en que originalmente aparecía en la ley del año 1925. Es lógico que al restablecerse la ley original la interpretación que antes se le había dado fuera también restablecida. *United States* v. *Philbrick*, 120 U. S. 52; *United States* v. *Mo. Pac. R. Co.*, 278 U. S. 269, y la Monografía que comienza en 73 L. Ed. 322. Tan pronto comenzó a regir la Ley núm. 30 de 1932, es decir, a partir del año 1933, se reanudó la práctica administrativa que había prevalecido desde el año 1925 hasta que se aprobó la enmienda en 1927, y empezaron a concederse las deducciones por cantidades razonables pagadas a los socios por servicios personales realmente prestados. Reconociendo la existencia de esa práctica administrativa, dijo el Gobernador de Puerto Rico en su mensaje a la Legislatura Ordinaria de 1939:

"No hay razón alguna para que una sociedad civil que tenga un ingreso neto no mayor de $3,000 deba ser exenta del pago de contribución sobre ingresos. *Por la Ley No. 30, aprobada en 26 de abril de 1932, se les permite a las sociedades civiles deducir como gastos del negocio una suma razonable para sueldos de los socios.* Este cambio ha reducido grandemente la contribución sobre ingresos pagada por sociedades. Parece injusto concederles también un crédito de $3,000. Recomiendo que esta disposición se derogue." (Bastardillas nuestras.)

El Tesorero invoca el caso de *M. J. y S. Cabrero, Sucrs.* v. *Sancho Bonet, Tes.,* 58 D.P.R. 531, para sostener que aún bajo la enmienda de 1932 las sociedades no tienen derecho a deducir de su ingreso bruto las cantidades razonables pagadas a sus socios por servicios personales realmente prestados. En el referido caso se interpretó la sección 32 según había sido enmendada por la Ley núm. 18 de 1927, planteándose así la cuestión:

"Sostiene la demandante apelante que la interpretación que el demandado y la corte inferior dieron al apartado *a*, inciso 1, de la sección 32 de la Ley núm. 74 de 6 de agosto de 1925 (Leyes de ese año, pág. 401), según fué enmendada por la núm. 18 de 3 de junio de 1927 (Leyes de ese año, pág. 487), es errónea, pues el socio a quien se asigna un sueldo en compensación de su trabajo, al recibirlo lo hace, según la apelante, en el concepto de 'socio en funciones de empleado'; y no en su carácter de socio, y que en el supuesto de que fuese correcta la interpretación del demandado, la ley así interpretada es inconstitucional porque establece un discrimen en contra de las sociedades (*partnerships*) y a favor de las corporaciones.

"Planteada así la controversia, parece oportuno transcribir ahora el precepto legal alrededor del cual gira toda la cuestión:

"[Se transcribe el inciso 1 de la sección 32(*a*), según fué enmendado por la Ley de 1927.]"

Admitimos que usamos un lenguaje inexacto y con ello indujimos a error al Tribunal de Contribuciones de Puerto Rico, al decir que "en la sociedad, contrario a lo que sucede respecto al accionista en la corporación, el socio es deudor a la sociedad de su actividad y de su industria, y por consiguiente al trabajar para la sociedad lo hace en cumplimiento

de su deber como socio." Es verdad que el socio es deudor a la sociedad de su actividad y de su industria, pero ello es así cuando se trata de un socio industrial que por el contrato de sociedad se obliga a aportar su industria, o cuando tratándose de un socio capitalista no satisface a la sociedad el capital que se obligó a aportar por el contrato social. No hay razón legal alguna para que, habiéndose eliminado de la ley las palabras "a empleados" pueda establecerse distinción entre las corporaciones y las sociedades a los efectos de la cuestión que nos ocupa.

No estando en controversia la razonabilidad de los sueldos pagados a los socios, tiene derecho la peticionaria a que se deduzca de su ingreso bruto al montante de dichos sueldos.

 La sección 32 invocada por la peticionaria para sostener su derecho a que se le deduzcan de su ingreso bruto los beneficios que obtuvo de la sociedad R. Quezada & Cía. durante el año 1939, dice en lo pertinente así:

"(a) Al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se admitirán como deducciones:

"* * * * * * *

"(6) Las cantidades recibidas como dividendos: (A) de una corporación doméstica, o (B) de cualquier corporación extranjera, cuando se demuestre. . . ."

La disposición transcrita fué tomada de la sección 234(a) (6) de la Ley Federal, la cual nada dice con respecto a beneficios de sociedades, pero no tenemos duda alguna de que fué la intención del legislador puertorriqueño al adoptar esa sección en la ley de 1925, incluir como deducciones las cantidades recibidas como beneficios de sociedades, pues si se examina la sección 45(a) (6) de la propia ley, se verá que al conceder a las compañías de seguros deducción por beneficios de sociedades, se hace referencia a la sección 32(a) (6) como si en efecto las palabras "o beneficios de sociedades" se hubieran puesto después de las palabras "cualquier corpora-

ción extranjera'' que aparecen en el inciso 6(B) de la sección 32(a). A este efecto en lo pertinente se dice en la sección 45:

''(a) Al computar el ingreso neto de una compañía de seguros sujeta a la contribución impuesta por la sección 44, se concederán las siguientes deducciones:

'' * * * * * * *

''(6) La cantidad recibida como dividendos de corporaciones o beneficios de sociedades según dispone el párrafo (6) de la subdivisión (a) de la sección 32.''

Es evidente que el legislador, al redactar el inciso 6 de la sección 45(a), tenía en mente que en la sección 32(a) (6) había concedido la deducción a que hacemos referencia. Del contexto del estatuto, y especialmente teniendo en cuenta lo prescrito en la sección 45(a) y la referencia que en la misma se hace a lo que creyó el legislador haber dicho en la sección 32(a) (6), es evidente que la omisión de las palabras ''o beneficios de sociedades'' en la referida sección 32(a) (6) es un error clerical contrario a la voluntad del legislador, y siendo ello así esas palabras pueden ser suplantadas por el tribunal. Véanse los casos acopiados en las Monografías que aparecen en 3 A.L.R. 404 y 126 A.L.R. 1325.

*Procede por lo expuesto revocar la resolución recurrida y devolver el caso al Tribunal de Contribuciones para que dicte resolución por la cual se conceda a la peticionaria las deducciones sobre los salarios pagados a sus socios Carlos y Francisco Basó Soria durante los años 1936, 1937, 1938 y 1939, y asimismo deducir de su ingreso bruto correspondiente al año 1939 la cantidad de $233.34 que obtuvo de beneficios en la sociedad R. Quezada & Cía.*

El Juez Asociado Sr. Snyder está conforme con el punto relativo al derecho de las sociedades a deducir de su ingreso bruto una cantidad razonable para sueldos u otras compensaciones por servicios realmente prestados por los socios, pero disiente de la parte de la opinión referente a la deducción de beneficios de sociedades.