MALGOR & CÍA., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado.

Núm. 13.—*Sometido:* Noviembre 13, 1944. *Resuelto:* Febrero 21, 1945.

*J. J. Ortiz Alibrán,* abogado de la peticionaria; *Hon. Procurador General Interino Jesús A. González* y *A. D. Marchand Paz, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La peticionaria, una sociedad regular colectiva con domicilio en esta ciudad, fué condenada por el Tribunal de Contribuciones a pagar y pagó bajo protesta la cantidad de $1,749.06 por concepto de deficiencias que le notificó el Tesorero en relación con los años contributivos de 1935, 1936 y 1937. En el alegato que la peticionaria presentó ante este tribunal expresamente renuncia a tres de los errores que había señalado en su solicitud de *certiorari,* por lo que las cuestiones a discutir dentro de este recurso se circunscriben a las siguientes:

1. "Haber negado a la peticionaria en el año 1936 el derecho a deducción de su ingreso bruto del sueldo de su socio gestor, Antonio Malgor, ascendente a $2,400."

2. "Haber negado a la peticionaria en el año 1936 el derecho a deducción dé su ingreso bruto, de gastos de viaje a España en gestiones de la firma, montantes a $2,000."

3. "Haber negado a la peticionaria el derecho a deducción de su ingreso bruto en 1937, de la suma de $900 de sueldo de su socio gestor, Antonio Malgor, por servicios personales prestados en beneficio de la firma."

4. "El Tribunal de Contribuciones, además, incurrió en manifiesto error en la apreciación de la prueba practicada por la peticionaria."

El Tribunal de Contribuciones se basó en el caso de *M. J. y S. Cabrero, Sucrs.* v. *Sancho Bonet, Tes.,* 58 D.P.R. 531, al confirmar la decisión del Tesorero negándose a deducir las partidas de $2,400 y $900 correspondientes a sueldos del socio gestor Antonio Malgor por servicios personales realmente prestados a la sociedad durante el año 1936 y parte del 1937 respectivamente. En dicho caso se resolvió que las sociedades no tenían derecho a tal deducción. Pero habiendo sido revocado ese caso por el de *F. Bacó Soria & Hno.* v. *Tribunal de Contribuciones,* 64 D.P.R. 87, en el cual se sostuvo el derecho de una sociedad a deducir de su ingreso

bruto las cantidades razonables pagadas a sus socios por servicios personales realmente prestados a la sociedad, es preciso concluir que erró el Tribunal de Contribuciones al denegar por ese solo fundamento las deducciones de $2,400 y $900 reclamadas por la peticionaria.

En su declaración de ingresos correspondiente al año 1936 la peticionaria hizo una deducción de $3,000 de su ingreso bruto por concepto de gastos de viaje a España realizado por uno de sus socios gestores en gestiones de la firma. El Tesorero denegó la deducción, y el Tribunal de Contribuciones modificó la decisión del Tesorero, concediendo una deducción de mil dólares por ese concepto. Analizando la prueba en relación con la partida de gastos de viaje, el Tribunal de Contribuciones se expresó así:

"Antonio Malgor, según el testimonio no contradicho en este caso, fué a España para establecer conexiones íntimas y directas con la casa manufacturera de licores de J. Gómez Cruzado, de Rioja; con la firma de B. Fonseca & Hno., de Barcelona, que se dedicaba a la fabricación de pastas de sopas, turrones, etc.; y para celebrar entrevistas con los directores del Banco Hispano Americano, de Valencia y Madrid, en conexión con una reclamación que su firma tenía. Como resultado de sus gestiones Malgor & Cía. obtuvo un embarque de vinos de la firma J. Gómez Cruzado, y varios embarques de productos de Navidad, efectuados a fines del 1935, por valor de 500,000 pesetas, de B. Fonseca & Hno. La firma apelante fué la que hizo la importación más grande de vinos en Puerto Rico después de levantada la prohibición.

"Después de haberse entrevistado con B. Fonseca & Hno. consiguió que se enviaran 'a consignación' los embarques para Malgor & Cía.

"La reclamación del Banco Hispano Americano era en contra de Malgor & Cía., promovida por la Unión de Patateros. La firma apelante había hecho una compra por valor de $4,000 a otra de Valencia sujeta a la condición de que el certificado fisiológico acompañara a la mercancía. Al llegar a Puerto Rico las papas sin el certificado surgió el conflicto. Después que Antonio Malgor explicó en España lo sucedido se desistió de la reclamación.

"Las compras efectuadas por Malgor & Cía. durante el año fiscal terminado en junio 30 de 1935 fueron por valor de $451,900; en 1936 ascendieron a $424,618; en 1937, a $468,223; en 1938, a $388.922.

"Estuvo en Madrid y en Valencia, en donde sus gestiones fueron con el Banco Hispano Americano; en Barcelona, para entrevistarse con B. Fonseca & Hno.; en Rioja hubo conversaciones con Gómez Cruzado; en Valencia pudo entrevistarse también con Isidro Ortola.

"En los gastos de viaje está incluído lo gastado en su regreso vía Habana. A esta ciudad fué a fines de 1936. Allí estableció relaciones con la firma Ambrosía Industrial, la cual le hizo posteriormente embarques de cajas de turrones.

"El acuerdo original fué pagarle $3,000 y que regresara a los tres meses; pero, debido a la guerra civil que comenzó en 1936 en España, tuvo que permanecer fuera de Puerto Rico por un período de un año y cuatro meses. Se le pagó, además, el sueldo que tenía, a razón de $2,400 por año, como socio gestor. Embarcó para España en julio de 1935, acompañado de su esposa. El tiempo que estuvo detenido, en contra de su voluntad, en ese país, fué de unos doce meses, hasta noviembre de 1936. Él gastó como $5,000 en el viaje; pero los $2,000 adicionales que hubo de gastos no se los cargó a Malgor & Cía.

"Antonio Malgor aprovechó el viaje para visitar a sus padres en Huesca, en la provincia de Oviedo. También estuvo en Coruña, Vigo y Santander; pero su ida a los puertos de mar del oeste de España fué con el objeto de embarcar para Cuba."

Basado en los hechos antes expuestos, el Tribunal de Contribuciones llega después a la siguiente conclusión:

"En lo que concierne a los gastos de viaje, este tribunal opina que, considerando las gestiones hechas en beneficio de su firma en Barcelona, Valencia, Madrid, Rioja y en la Habana, el apelante, aunque no presentó relación detallada de sus gastos, pudo haber desembolsado alrededor de $1,000. Se debe reconocer este gasto como conforme a razón. La firma querellante no probó que su reclamación de $3,000, en el concepto de referencia, era razonable. Recuérdese que el señor Malgor fué acompañado de su esposa. Él pasó la mayor parte del tiempo con su familia en Huesca y, en tal virtud, es de suponer que gastara mucho menos que lo que hubiera tenido que desembolsar en hoteles de ciudades importantes."

Las sociedades tienen derecho a deducir de su ingreso bruto los gastos en que razonablemente hubiesen incurrido por concepto de gastos de viaje en negocios de la sociedad, pero a ellas incumbe demostrar la existencia y razonabilidad de tales gastos. En el presente caso, como muy bien dijo el Tribunal de Contribuciones, la sociedad no probó en detalle los gastos de viaje en que alega incurrió el socio por cuenta de ella, y del análisis que de la prueba hace el Tribunal de Contribuciones no creemos que su conclusión al fijar en mil dólares dichos gastos, sea arbitraria o injusta. Siendo ello así, no debemos alterar esa conclusión.

*Procede por lo expuesto declarar con lugar la petición de certiorari, anulando el pronunciamiento del Tribunal de Contribuciones que denegó a la peticionaria la deducción de los $2,400 y $900 pagados por concepto de sueldos al socio gestor Antonio Malgor durante el año 1936 y parte del 1937, y sin lugar en cuanto al pronunciamiento por el cual concedió a la peticionaria la deducción de mil dólares por concepto de gastos de viaje, debiendo devolverse el caso al tribunal inferior para que de conformidad con los términos de esta opinión liquide la contribución que debe pagar la peticionaria por concepto de deficiencias.*